THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* NOFFEY HOLLANDS, Respondent-Appellant.

First District (3rd Division)    No. 61058

Opinion filed August 5, 1976.

James Streicker and Martin Carlson, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael E. Shabat, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The respondent Noffey Hollands has appealed from an order transferring him from a juvenile institution to an adult prison.

In February 1973 Hollands, 16 years of age, was sentenced to concurrent terms of 4 to 8 years in the Juvenile Detention Division of the Department of Corrections after having pleaded guilty to charges of rape and armed robbery. The offenses had been committed in 1972 while he was on conditional parole from a prior commitment to the Juvenile Division. In January 1974 the State's attorney filed a petition pursuant to

section 3—10—7(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1003—10—7(a)) requesting the committing court to order Hollands' interdivisional transfer from the Sheridan Correctional Center (a juvenile facility) to the Adult Division of the Department of Corrections. Among other things, the petition stated that he had not adapted to the institutional programs of the Juvenile Division and had acted violently toward staff personnel, and that the Department of Corrections had decided that his needs would be better served by transferring him to the Adult Division.

At the hearing on his petition, the court received into evidence a 12-page report prepared by Hollands' correctional counselor at Sheridan, which detailed his school history, social background, medical history (including a summary of various psychiatric and psychological evaluations), and his reaction to the rehabilitative and counseling programs at Sheridan. The court also had before it a 6-page interoffice memorandum prepared by the Department of Corrections during his prior commitment which described his home and social adjustment after having been granted conditional parole, and which recommended revocation of the parole because of his arrests on the 1972 charges of armed robbery and rape. Further, the court heard the testimony of his correctional counselor and of the Director of Clinical Services at Sheridan, concerning his conduct at that institution and his potential for rehabilitation. At the conclusion of the hearing the court granted the petition.

The sole issue presented for review is whether section 3—10—7(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1003—10—7(a)) improperly delegates legislative authority to the judiciary in violation of section 1 of article II of our State Constitution. But this issue was never raised in the trial court, and the respondent is precluded from raising it here. In *People v. Henderson* (1976), 39 Ill. App. 3d 1065, 351 N.E.2d 231, an interdivisional transfer was ordered. On appeal it was argued that section 3—10—7(a) was unconstitutional, although the issue had not been raised by the prisoner in the trial court. We held that the failure to object on this ground at the trial prevented the issue from being raised on appeal.

Hollands concedes that this court does not have to consider the constitutional issue, but argues that we should do so under Rule 615(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 615(a)) because the issue is important and should be resolved. The cases cited in support of this argument do not support it. *People v. Ellis* (1973), 10 Ill. App. 3d 216, 293 N.E.2d 189, was reversed in *People v. Ellis* (1974), 57 Ill. 2d 127, 311 N.E.2d 98, without any discussion of whether the appellate court's consideration of the constitutionality of section 2—7(1) of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 702—7(1)) was proper in light of the absence of any

discussion on this point at trial. In *People v. Cantrell* (1973), 14 Ill. App. 3d 1068, 304 N.E.2d 13, the court stated the general rule to be that a nonjurisdictional question not properly presented in the trial court and preserved for review is waived on appeal. After having stated this principle, the court gratuitously considered the constitutional argument (raised for the first time on appeal) and upheld the constitutionality of the statute attacked. This gratuitous consideration of the constitutional issue does not persuade us that the procedural rule followed in *People v. Henderson* should be abandoned.

The judgment is affirmed.

Affirmed.

MEJDA, P. J., and McGLOON, J., concur.